■ In the Matter of the Arbitration between ROBERT SILAGI, Respondent, and GUAZZO, PERELSON, RUSHFIELD & GUAZZO, P. C., as Successor to GUAZZO, SILAGI, CRANER & PERELSON, P. C., Appellant.—Order, Supreme Court, New York County (Irma Santaella, J.), entered June 6, 1988, which granted petitioner-respondent's motion to stay arbitration on the counterclaim and which denied respondent-appellant's cross motion for a hearing on the applicability of Code of Professional Responsibility DR 2-108, unanimously reversed, on the law and the facts, the cross motion granted, the matter remanded for a hearing, and arbitration of the claims and counterclaims stayed pending the hearing, without costs.

The threshold question in this proceeding to stay arbitration is whether the payments to be made pursuant to the agreement between the parties were "retirement benefits", in which case the prohibition of DR 2-108 of the Code of Professional Responsibility against agreements restricting the right of a lawyer to practice law would not apply. Petitioner had been a partner for 14 years in the predecessor of respondent law firm when the parties executed the subject agreement in June of 1983. According to respondent, in late 1980 or early 1981, petitioner, who was then 66 years of age, indicated his desire to retire from the practice of law. He took a six-month leave from the firm, during which he received his full salary for four months and half salary for two months, in addition to insurance, profit sharing and other benefits. It was allegedly understood that these payments would effect a buyout of petitioner's interest in the law firm. However, shortly before his return, petitioner informed his partners that he wished to resume practice. Thereafter, the parties negotiated the subject agreement, dated June 13, 1983.

Petitioner was to act as counsel to respondent's predecessor for two years during which time he would have use of the office and services, and would receive half of his salary. He was also to receive 25% of the fees collected in two matters handled by the firm. Paragraph 10 of the agreement provided that petitioner would not directly or indirectly solicit any "past, present or future clients of the firm" for a four-year period, nor would he accept any clients whose interests were in conflict with those of the firm's existing clients for a period of one year. It further provided that unresolved disputes between the parties were to be referred to final and binding arbitration.

In 1986, petitioner sought arbitration of his claim for a share of a fee paid to respondent in one of the two matters specifically referred to in the agreement. After Supreme Court issued an order directing the parties to proceed to arbitration, respondent submitted its answer and counterclaims seeking damages for petitioner's alleged breach of paragraph 10 of the agreement. Petitioner moved to stay arbitration of the counterclaims on the ground that the Code of Professional Responsibility is not subject to arbitration. Respondent's cross motion for a hearing on whether the disciplinary rule applied was denied. The court ordered the counterclaims severed for trial in a plenary action and the parties were otherwise directed to proceed with arbitration.

We agree with respondent that a hearing should have been ordered. This case is distinguishable from *Matter of Silverberg (Schwartz)* (75 AD2d 817 [2d Dept 1980], *appeal dismissed* 53 NY2d 704), which petitioner advances and which Supreme Court found controlling. That case involved an agreement to terminate a partnership and not the retirement of a partner from an ongoing firm, as is alleged by respondent herein. Should this threshold issue be resolved in respondent's favor, there would be no public policy barring arbitration of the claims and counterclaims. Respondent's motion for a hearing should therefore have been granted and the arbitration stayed. Concur—Ross, J. P., Asch, Rosenberger, Wallach and Smith, JJ.