■ BIDERMANN INDUSTRIES LICENSING, INC., et al., Respondents, v AVMAR N.V. et al., Appellants.—Order and judgment

(one paper), Supreme Court, New York County (Kristin Booth Glen, J.) entered January 23, 1991, which granted the motion to stay arbitration of the issue of whether petitioner's attorneys should be disqualified from representing it in arbitration proceedings, with leave to apply to the court for a ruling on the merits of the disqualification issue, unanimously affirmed, without costs.

In this dispute concerning certain licensing agreements, respondents have sought to disqualify Bidermann Industries' attorneys on grounds that the attorneys ought to be called as witnesses due to their involvement in the underlying events and that the attorneys received confidential information pertaining to respondent Lagerfeld in the course of representing him in a related 1985 transaction. The Supreme Court properly stayed arbitration of the disqualification issue, as such matter is intertwined with overriding public policy considerations *(Matter of Aimcee Wholesale Corp. [Tomar Prods.],* 21 NY2d 621; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630-632). We have held matters of attorney discipline are beyond the jurisdiction of arbitrators *(Matter of Erdheim [Selkowe],* 51 AD2d 705). Issues of attorney disqualification similarly involve interpretation and application of the Code of Professional Responsibility and Disciplinary Rules, as well as the potential deprivation of counsel of the client's choosing *(Matter of Abrams [John Anonymous],* 62 NY2d 183, 196; *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 443), and cannot be left to the determination of arbitrators selected by the parties themselves for their expertise in the particular industries engaged in. Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Kassal, JJ.