### Application of YORK HANNOVER HOLDING A.G., Plaintiff,

v.

### AMERICAN ARBITRATION ASSOCIATION, Defendant,

and

McDermott International, Inc., McDermott Overseas Investment Company N.V., McDermott International Trading (Holland 1) B.V., McDermott International Trading (Holland 2) B.V., McDermott International Trading (Holland 3) B.V., McDermott International Trading (Holland 4) B.V. and McDermott International Trading (Holland 5) B.V., Intervenors–Defendants.

### In re ARBITRATION BETWEEN YORK HANNOVER HOLDING, A.G. AND McDERMOTT INTERNATIONAL, INC., et al.

No. 92 Civ. 1643 (CSH).

United States District Court, S.D. New York.

June 22, 1992.

Lacher & Lovell–Taylor, New York City (Gerald Moss and Andreas F. Lowenfeld, of counsel), for plaintiff.

Fieldman Berman & Hay, New York City, for intervenors-defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Following removal of this action from state court, plaintiff moves for remand.

### Background

Plaintiff York Hannover Holding, A.G. ("York") and intervenors-defendants McDermott International, Inc. and related companies (hereinafter collectively "McDermott") are engaged in a significant commercial arbitration administered by the American Arbitration Association ("AAA"). The underlying contract between York and McDermott provided for arbitration of disputes in New York under the AAA's Commercial Arbitration Rules. The arbitration clause in the contract further provided that each party would appoint an arbitrator and the two party-appointed arbitrators would appoint a third, neutral arbitrator who would be chairman of the arbitration panel. Failing agreement by the party-appointed arbitrators, the AAA would appoint the chairman. In point of fact, the arbitrators appointed by the parties could not agree on the panel chairman, and the AAA appointed him. The arbitration clause further provided that the parties consented to the jurisdiction of this Court "for the enforcement of this Agreement." The AAA's rules, by which the parties agreed to be bound in the arbitration clause, provide: "Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary party in judicial proceedings relating to the arbitration." Rule 47(b).

During the hearings but before award the arbitrator appointed by York resigned, complaining of misconduct by the chairman of the panel. The arbitrator appointed by

York resigned in a letter dated December 4, 1991 addressed to the AAA case administrator. That letter expressed the hope that the AAA would "re-examine this entire proceeding" and bring about "an immediate recasting" of the arbitration panel.

In response to the resignation of York's arbitrator, the AAA convened an administrative conference on January 16, 1992. Both York and McDermott were represented by counsel at the conference. After a further exchange of correspondence, the AAA sent the parties a letter dated January 27, 1992 appointing a different individual as York's party-appointed arbitrator. By letter dated February 3, 1992 the AAA advised the parties that it had reaffirmed the appointment of the original neutral arbitrator and panel chairman.

York is dissatisfied with the AAA's response to the complaint of its original arbitrator about the conduct of the panel chairman. Accordingly York filed a petition with the Supreme Court of the State of New York, New York County, seeking orders directing the AAA to remove the panel, and staying the arbitration pending a hearing on the petition. York's petition named only the AAA as respondent. At the hearing in state court (Greenfield, J.) counsel for the AAA did not appear. Counsel for McDermott appeared and sought leave to intervene and to file opposition papers. Justice Greenfield granted McDermott leave to intervene from the bench and set a further briefing schedule.

McDermott then removed the case to this Court. McDermott alleges federal question jurisdiction based upon the Convention on the Recognition and Enforcement of Foreign Arbitrable Awards of June 10, 1985, ratified by the United States and enacted into domestic law by Pub.L. 91–368, § 1, July 31, 1970, 84 Stat. 692, as amended, codified at 9 U.S.C. §§ 201–207 (the "Convention").

Counsel for McDermott tendered the notice of removal to the AAA's general counsel for signature under the typed statement "Consented To: American Arbitration Association." The AAA's counsel added the phrase "Has No Objection To" above the phrase "Consented To" and signed the notice of removal. In an affidavit previously filed with the state court, the AAA's counsel had stated that "in order to preserve its impartial status," it "does not wish to participate in this litigation and has encouraged the real party to the arbitration to move to intervene herein." By "real party" the AAA meant McDermott. Counsel's affidavit went on to say that the AAA "has no interest in the outcome of the arbitration and will abide by the decision of the court." Counsel for the AAA had earlier written to counsel for York, stating in response to the state court order to show cause:

> As the impartial administrator of the arbitration the AAA does not generally appear or participate in judicial proceedings relating to the arbitration. The AAA should not have been named as a party-defendant. Section 47(b) of the Rules provides that the AAA is not a "necessary party".

In these circumstances, York moves to remand the case to state court. McDermott opposes remand. The AAA has filed no papers. Counsel for York submits an affidavit quoting counsel for the AAA as saying that it has no objection to remand.

### Discussion

■ The parties agree that the arbitration agreement at bar, between foreign corporations and providing for arbitration in New York, falls under the Convention. *See* 9 U.S.C. § 202. Accordingly removal of the action from state to federal court is governed not by the general removal statute, 28 U.S.C. §§ 1441 *et seq.*, but by 9 U.S.C. § 205, which provides in pertinent part:

> Where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The

procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

York moves for remand on procedural and substantive grounds. The procedural ground is that the AAA has not joined in the petition to remove, as required by the general removal statute, 28 U.S.C. § 1441(a). Substantively, York contends that the Convention's removal provision does not apply to the case.

■ York's procedural argument proceeds from the provision in § 205 that an action may be removed by "the defendant or the defendants." That phrase echoes the provision in 28 U.S.C. § 1441(a) that a civil action brought in a state court of which the federal district court has original jurisdiction "may be removed by the defendant or the defendants" to federal court. Cases construing 28 U.S.C. § 1441 are instructive in evaluating procedure under 9 U.S.C. § 205, particularly since the second sentence of the latter statute incorporates by reference procedures under the former.

York argues in its main brief at 5 that the removal at bar "was improper (1) because the party from whom relief is requested [the AAA] did not initiate the removal; and (2) the party that did initiate the removal was an intervenor against whom no cause of action is stated, either by the plaintiff or the named defendant." Neither contention withstands scrutiny.

■ Taking these contentions in inverse order, the circumstances of McDermott's intervention in the state court action impose no limitation, expressly or by implication, upon McDermott's right to remove the case. During the hearing on York's petition against the AAA Justice Greenfield granted McDermott an unconditional right to intervene. Justice Greenfield later reduced that order to written form, but he made the order at the hearing.

The propriety of Justice Greenfield's order under state law allowing McDermott to intervene is not before me, but it is hardly a surprising order. McDermott claims a significant amount from York in the arbitration. McDermott also has a stake in the present makeup of the arbitration panel, which the AAA has concluded conforms to the rules by which the parties are bound by their contract. York's state court petition sought to remove the arbitrators from office and stay the arbitration hearing. McDermott's interests were directly and vitally concerned in the state court action.

If McDermott's motion to intervene had fallen under the Federal Rules of Civil Procedure, I think intervention of right would be derived from Rule 24(a)(2). At the very least, permissive intervention would be appropriate under Rule 24(b)(2). I need not pursue the subject because, as noted, Justice Greenfield made an order or intervention under state law. The effect of that order was to vest McDermott with the full obligations, rights and privileges of a party defendant, including the right to remove the action if so advised. I reject the suggestion made in York's papers that McDermott in some manner misled Justice Greenfield as to its procedural intentions so as to estop McDermott from removing the case.

Nor does McDermott's status as an intervenor preclude it from initiating removal. An intervening defendant is entitled to remove an action under § 1441(a) where it is able to obtain the other defendants' joinder in the removal petition. 1A *Moore's Federal Practice* ¶ 0.167[11], at 517–19 (1991).

The procedural issue therefore depends upon whether the AAA, as original respondent/defendant, gave the requisite consent to the removal initiated by McDermott. The courts construe 28 U.S.C. § 1441(a) so as to give each defendant in a multi-defendant case a veto power over removal suggested by a particular defendant. *See, e.g., Garside by Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 21 (D.Mass.1988) ("The rule of unanimity gives each defendant an absolute veto over removal. A defendant who wishes to remove the case must, therefore, be able to convince the other defendants to join in the removal petition.")

The requirement of unanimous consent among defendants does not apply to "nom-

inal or formal parties," whose wishes "may be disregarded." 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3731 at 507–08 (1985). The parties devote considerable effort to debating whether the AAA is a nominal party. I need not resolve the issue. Assuming in York's favor that the AAA is not a nominal party, its consent to removal is sufficiently evidenced by the endorsement its general counsel made upon the notice of removal prepared by counsel for McDermott.

■ As noted, McDermott tendered to the AAA a notice of removal citing that it was "Consented To" by the AAA. Counsel for the AAA did not strike the phrase "Consented To." She let it stand, but wrote above that phrase: "Has No Objection To." York argues strenuously that the juxtaposition of these phrases is fraught with significance. I disagree. What emerges from these proceedings is the AAA's absolute determination to preserve total neutrality. The AAA desires to remain a Switzerland surrounded by warring entities, the better to discharge its useful function as a source of alternative dispute resolution. I think it likely that the AAA's counsel added the phrase "Has No Objection To," to the phrase "Consented To" because the former phrase sounds passive to the ear and the latter phrase sounds active. In any event, these semantic distinctions come to nothing. The AAA consented to McDermott's removal because it had no objection. Conversely, the AAA had no objection because it consented. The propriety of removal cannot be made to depend on such linguistic niceties.

The distinction comes to nothing because even if the AAA's counsel had stricken out the phrase "Consented To" and substituted the phrase "Has No Objection," it would have sufficed to permit removal. *See, e.g., Colin K. v. Schmidt*, 528 F.Supp. 355, 358–59 (D.R.I.1981) (oral statement at conference by counsel for non-signing defendants that they "would have no objection to" the removal petition and "agreed that the issues were more appropriately before the federal court" satisfied the requirement of unanimity of consent among defendants);

*Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649, 652 (S.D.N.Y.1978) (petition signed by only one defendant satisfied where petition represented that co-defendant consented to removal). York cites no authority to the contrary. I conclude that McDermott's removal petition is not procedurally defective.

I must therefore consider York's alternative argument, that removal is not justified under 9 U.S.C. § 205. I reject that contention as well.

■ Section 205 allows removal if the subject matter of the state court action "relates to an arbitration agreement ... falling under the Convention ..." While the parties do not cite a case on all fours with the case at bar, and I have found none, I conclude without difficulty that the petition York filed in state court "relates to [the] arbitration agreement" between itself and McDermott. A sufficient relationship exists between the provisions of the arbitration agreement and what York seeks to accomplish in the action. The arbitration agreement provides for the manner in which the arbitrators are appointed. That provision is supplemented by the parties' agreement to be bound by the AAA rules. In consequence, the appointment process as directed by the rules forms an integral part of the arbitration agreement. York seeks by its action to reverse the AAA's implementation of those rules and expel from office the presently appointed arbitrators. It cannot be reasonably argued that the action does not "relate" to the parties' arbitration agreement.

York contends that § 205 applies only to state court actions seeking to enforce an arbitration agreement or to enforce or set aside an arbitral award. No case law or legislative history is cited for so narrow a construction, which is inconsistent with the plain language of the statute. If Congress had intended to limit removal to state court proceedings to compel arbitration or confirm or vacate an award, it could easily have said so.

While the cases construing § 205 are sparse, such authority as there is supports a broader construction of the word "re-

lates." This Court has assumed § 205 removal jurisdiction over state court actions involving parties not bound by arbitration agreements, where the state court claims involved the same subject matter as claims being asserted in pending arbitrations. *Cam S.A. v. ICC Tankers, Inc.*, No. 88 Civ. 9274, 1989 WL 51815 (S.D.N.Y., May 10, 1989); *Dale Metals Corp. v. Kiwa Chemical Industry Co.*, 442 F.Supp. 78, 80, 81 n. 1 (S.D.N.Y.1977). *See also Matter of Ferrara S.p.A.*, 441 F.Supp. 778, 779–80 and 80 n. 2 (S.D.N.Y.1977), *aff'd*, 580 F.2d 1044 (2d Cir.1978) (petition to stay pending arbitration removed under § 205).

For the foregoing reason, York's petition to remand this action to state court is denied.

It is SO ORDERED.