■ HERBERT POSNER, Appellant, v STANLEY MESSINGER, Respondent. [602 NYS2d 204] —In an action for an accounting and to recover moneys allegedly due under a partnership agreement, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 6, 1991, as, *inter alia,* determined that he was entitled only to a quantum meruit share of certain partnership assets, and

denied his cross motion to compel the defendant to deposit $16,250 in court, or appoint a temporary receiver.

Ordered that the order is modified, on the law, by deleting the provision thereof which found that the plaintiff was only entitled to a quantum meruit share of the disputed fees, and substituting therefor a provision holding that the plaintiff is entitled to his partnership share of the disputed fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The plaintiff Herbert Posner and the defendant Stanley Messinger were the surviving partners in a law firm founded in May 1985. The partnership dissolved in August 1987. Effective May 15, 1988, Mr. Posner was suspended from practicing law for a period of five years (see, Matter of Posner, 136 AD2d 236).

Subsequent to the dissolution of the partnership and the plaintiff's suspension, the defendant obtained judgments against former clients of Messinger & Posner in the total sum of $16,250. It appears that these moneys collected by the defendant resulted from cases where all work was completed while Posner was a member of the partnership. In the instant action, the plaintiff claims that, notwithstanding his suspension, he is entitled to his partnership share of the $16,250 which was earned by the partnership prior to his suspension, but which was not collected until after his suspension. We agree.

The applicable rule of this Court (22 NYCRR 691.10 [b]) provides, in pertinent part: "A * * * suspended * * * attorney may not share in any fee for legal services performed by another attorney during the period of his removal from the bar". The second sentence of the rule provides: "A * * * suspended * * * attorney may be compensated on a *quantum meruit* basis for legal services rendered and disbursements incurred by him prior to the effective date of the * * * suspension order". (22 NYCRR 691.10 [b].) The plaintiff earned his partnership share of the disputed fees prior to the time of his suspension. That the funds were not collected by the defendant until after the plaintiff's suspension is of no import. Clearly the plaintiff may not share in any fee earned by the defendant for work actually performed by the defendant during the period of the plaintiff's suspension. However, the work that generated the fees in question was completed and the

cases involved were completed, and hence the fees were earned, prior to the onset of the plaintiff's suspension (see, Greenberg v Cohn, 153 Misc 2d 495). Therefore, 22 NYCRR 691.10 (b) is inapplicable and does not relegate this plaintiff to only a quantum meruit recovery.

While we find that the plaintiff is entitled to his partnership share of the disputed fees, he has not established that the defendant will commit any act which might frustrate his rights at the conclusion of the action. Therefore, there is no need to require the defendant to deposit any portion of the disputed fees with the court, nor is there any demonstrated need for the appointment of a receiver. Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.