**In the Matter of the ARBITRATION BETWEEN R3 AEROSPACE, INC., Petitioner,**

**and**

**MARSHALL OF CAMBRIDGE AEROSPACE LIMITED, Respondent.**

**96 Civ. 1171 (WCC).**

United States District Court, S.D. New York.

May 29, 1996.

---

**122**

Votre & Aronson, P.C., New Haven, Connecticut (Stephen W. Aronson, Kenneth A. Votre, of counsel), for petitioner.

Haight, Gardner, Poor & Havens, New York City (Gary D. Sesser, of counsel), for respondent.

WILLIAM C. CONNER, Senior District Judge:

Petitioner R3 Aerospace, Inc. ("R3") commenced a Special Proceeding in the Supreme Court of the State of New York seeking to disqualify the law firm of Haight, Gardner, Poor & Havens ("HGPH") from representing respondent Marshall of Cambridge Aerospace Limited ("Marshall") in an arbitration proceeding because of alleged violations of New York's Code of Professional Responsibility and Disciplinary Rules. Marshall removed, asserting that the district court has original jurisdiction over this action pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–207 (the "Convention"), be-

cause the state court proceeding "relates" to an arbitration agreement which falls under the Convention. R3 has moved this court to remand or, in the alternative, to abstain from determining issues raised in the state court proceeding. For the reasons discussed below, petitioner's motion to remand is granted.

## BACKGROUND

By letter dated October 12, 1995, R3 filed a Demand for Arbitration against Marshall, together with its Statement of Claim, with the American Arbitration Association ("AAA") in White Plains, New York. Shortly thereafter, HGPH notified R3 that it would be representing Marshall. The arbitration concerns a dispute arising out of an agreement involving a joint venture between R3 and Marshall to jointly develop and market a program to convert Lockheed L–1011 aircraft from passenger airplanes to commercial cargo airplanes (the "Agreement"). The Agreement contains the following arbitration provision:

> This Agreement shall be deemed to have been made in and shall be construed in accordance with the laws of the State of New York. Any controversy or claims arising out of, or relating to, this Agreement or the breach thereof, shall be settled by arbitration before three arbitrators in accordance with the rules then obtaining of the American Arbitration Association. The arbitration shall be held in New York, and judgment upon any award rendered by all or a majority of the arbitrators may be entered in any court having jurisdiction thereof.

Prior to the appointment of an arbitrator, counsel for R3 notified HGPH that it believed that HGPH had a conflict of interest requiring HGPH's disqualification. Upon HGPH's refusal to withdraw from the arbitration, on February 8, 1996, R3 filed a proceeding ancillary to the arbitration with the Supreme Court of the State of New York, Westchester County, *see Bidermann Indus. Licensing, Inc. v. Avmar N.V.,* 173 A.D.2d 401, 570 N.Y.S.2d 33 (1991) (issue of attorney disqualification can not be left to determination of arbitrators), seeking, *inter alia,* an order disqualifying HGPH from representing

Marshall in the pending arbitration proceeding. In response, Marshall removed, claiming that the district court had jurisdiction pursuant to section 205 of the Convention. R3 has moved to remand or, in the alternative, to abstain from determining the disqualification issue because the Convention does not apply to disqualification proceedings, and the state court action does not relate to an arbitration agreement as required by section 205 of the Convention.

## DISCUSSION

■ Respondent Marshall invokes this court's jurisdiction pursuant to section 205 of the Convention, which provides in pertinent part:

Where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205. Federal removal statutes should be restrictively interpreted so as to "scrupulously confine" removal jurisdiction to the precise limits which the statute has defined. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The removing party bears the burden of establishing federal jurisdiction. *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979). Any doubts as to removal should be resolved in favor of remanding the case to state court. *Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1045–46 (2d Cir.1991).

■ As a threshold matter, we address whether the Convention even applies to this dispute. The Convention governs only disputes that are "commercial" in nature.[1] The dispute between R3 and Marshall can not be "considered as commercial" because the state court proceeding concerns the application and enforcement of the Code of Professional Responsibility and Disciplinary Rules. In addition, the Convention governs "differences which have arisen or which may arise between [the parties] in respect of a defined legal relationship, whether contractual or not, *concerning a subject matter capable of settlement by arbitration."* 9 U.S.C. § 201, art. II (emphasis added). The subject matter of the dispute in this case—i.e., possible attorney disqualification—is not capable of settlement by arbitration. *See Bidermann,* 570 N.Y.S.2d at 34 ("Issues of attorney disqualification ... involve interpretation and application of the Code of Professional Responsibility and Disciplinary Rules ... and cannot be left to the determination of arbitrators...."). Therefore, by operation of self-imposed limitations, the Convention can not apply to the state court proceeding that Marshall seeks to have removed pursuant to a removal statute in the Convention.

Marshall argues that "there are a host of arbitration-related issues which arbitrators may not be able to decide, but which federal courts *are* authorized to decide under the Convention or under the Federal Arbitration Act." Respondent's Memorandum in Opposition to Petitioner's Motion to Remand and/or Abstain, at 7. However, respondent cites, and the court is aware of, not a single example of a non-arbitrable issue that falls under the Convention. No such example could exist because the Convention, by its own terms, does not apply to non-arbitrable disputes.

Respondent's reliance on *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. ——, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), is misplaced. According to *First Options,* "a court must defer to an arbitrator's arbitrability decision when the parties submitted that matter to arbitration." —— U.S. ——, 115 S.Ct. at 1924. However, absent clear and unmistakable evidence that parties agreed to do so, courts make an independent review of arbitrability. *Id.* Respondent cites this case apparently for the proposition that some non-arbitrable issues (in this example, the issue

---

1. The United States adopted the Convention subject to a declaration that "The United State of America will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the United States." 9 U.S.C. § 201, n. 58.

of arbitrability) lie within the jurisdiction of federal courts. *First Options* is readily distinguishable because that case has nothing to do with the Convention.

We do not imply that non-arbitrable issues are beyond federal jurisdiction. Indeed, whether attorney disqualification is arbitrable is an issue that would be appropriate for this court to decide; however, that issue is not before the court (and the parties agree that attorney disqualification is not arbitrable). We only note that the Convention does not apply to non-arbitrable disputes, such as a state court proceeding to disqualify counsel from an arbitration proceeding, and we therefore hold that the removal statute of the Convention, 9 U.S.C. § 205, may not serve as the basis for this court's jurisdiction.

Respondent argues that this court has removal jurisdiction under section 205 of the Convention because the subject matter of the state court proceeding "relates" to the arbitration Agreement. Respondent argues that the arbitration clause in the Agreement specifically addresses the right of each party to be represented by counsel in any arbitration proceeding arising out of the Agreement. Paragraph 13 of the Agreement states in relevant part:

> Any controversy or claims arising out of, or relating to, this Agreement or the breach thereof, shall be settled by arbitration before three arbitrators in accordance with the rules then obtaining of the American Arbitration Association.

Respondent then points out that Rule 22 of the Commercial Arbitration Rules of the AAA provides that "[a]ny party may be represented by counsel or other authorized representative." Respondent argues that this right to counsel is deemed to be part of the arbitration agreement itself by virtue of the reference to the AAA rules in the arbitration clause. *See Varley v. Tarrytown Assoc., Inc.*, 477 F.2d 208, 210 (2d Cir.1973) ("[C]lause providing for the settlement of controversies by arbitration pursuant to the rules of the American Arbitration Association [is] sufficient to incorporate the rules into the agreement."); *see also Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1273 (2d Cir.1971). In essence, respondent

argues that R3's petition to disqualify Marshall's counsel "relates" to the arbitration agreement because R3's petition seeks to infringe upon Marshall's selection of counsel.

The parties have cited no authority which sheds light on the meaning of "relate" in this context, nor have we discovered any case on all fours with the case at bar. Respondent's reliance on *York Hannover Holding A.G. v. American Arbitration Assoc.*, 794 F.Supp. 118 (S.D.N.Y.1992), is unavailing. In *York*, the court denied a motion to remand and held that a challenge to the make-up of an arbitration panel "relates" to an arbitration agreement within the meaning of section 205 of the Convention. To determine whether removal was proper, the court compared the language of the arbitration agreement to the subject matter of the action. After determining that the text of the arbitration agreement provided for the appointment of the arbitration panel and that the action sought to enforce those provisions, the court ruled that the subject matter related to the arbitration agreement:

> The arbitration agreement provides for the manner in which the arbitrators are appointed. That provision is supplemented by the parties' agreement to be bound by the AAA rules. In consequence, the appointment process as directed by the rules forms an integral part of the arbitration agreement. York seeks by its action to reverse the AAA's implementation of those rules and expel from office the presently appointed arbitrators. It cannot be reasonably argued that the action does not "relate" to the parties' arbitration agreement.

*York*, 794 F.Supp. at 122.

The *York* court rejected the argument that the word "relates" should be read so narrowly so as to limit removal under the Convention to state court proceedings seeking to enforce or set aside an arbitration award. *Id.* at 122–23. It should be noted that petitioner in the instant case does not seek, nor do we adopt, such a narrow reading. The *York* court expressly found that "[t]he arbitration agreement provides for the manner in which the arbitrators are appointed," *id.* at 122, and, since the manner in which the

arbitrators are appointed was the issue of contention in state court, it found that the dispute was related to the arbitration agreement within the meaning of section 205 of the Convention. In the instant case, respondent argues that, because the Agreement references the AAA rules, and because the AAA rules contain a provision that parties may be represented by counsel, any challenge to the propriety of a party's counsel "relates" to the Agreement. Congress could not have intended section 205 to reach so extensively.

The "subject matter" of the state court proceeding in this case concerns the enforcement of the Code of Professional Responsibility and application of the Disciplinary Rules and the alleged grounds for disqualification of HGPH as counsel for Marshall. That "subject matter" is not "related" to an arbitration agreement "falling under the Convention," except in the most tenuous sense. Neither the contractual language providing for arbitration nor the AAA's Commercial Arbitration rules applicable to arbitration between R3 and Marshall mention anything about disqualifying counsel.

The dispute in question here—i.e., attorney disqualification—is an issue that can not be governed by the Convention, and yet Marshall relies on a removal statute under the Convention to remove the dispute to federal court. Marshall attempts to stretch the language of the removal statute of the Convention beyond what it was intended to encompass. Section 205 allows removal of disputes that relate to an arbitration agreement. The Agreement provides, by reference to the rules of the AAA, that the parties may be represented by counsel or some other representative; it does not provide that Marshall has a right to be represented specifically by HGPH. Nor does the Agreement (or the AAA rules) provide for any rule regarding attorney disqualification for conflict of interest. Finally, this dispute can not be said to relate to the Agreement within the meaning of the Convention because attorney disqualification is not an arbitrable issue.

Because we grant petitioner's motion to remand, we need not address petitioner's motion to abstain.

*CONCLUSION*

For the foregoing reasons, petitioner's motion to remand this action to state court is granted.

SO ORDERED.