Jose Luis Rivera RUIZ,
et al., Plaintiffs,

v.

BORDER TRANSFER SERVICES,
INC., et al., Defendants.

No. CIV.A. L–01–183.

United States District Court,
S.D. Texas,
Laredo Division.

Jan. 18, 2002.

Richard L Lagarde, Lagarde Law Firm PC, Houston, TX, Mikal C Watts, Watts & Heard, Corpus Christi, TX, for plaintiffs.

Jeffrey Lawrence Diamond, Galloway Johnson Tompkins and Burr, Houston, TX, Michael Wayne Eady, Brown McCarroll LLP, Austin, TX, James K Jones, Jr, Jones & Gonzalez, Laredo, TX, Knox D Nunnally, Vinson & Elkins, Houston, TX, Burgain Garfield Hayes, Delgado Acosta et al, Trek C Doyle, Delgado Acosta et al, Austin, TX, John W Weber, Jr, Fulbright & Jaworski, Mark G Sessions, Holland & Knight, Andrew L Kerr, Holland & Knight LLP, San Antonio, TX, for defendants.

*MEMORANDUM AND ORDER*

KAZEN, Chief Judge.

Pending is "Plaintiffs' Emergency Motion for Remand," filed December 13, 2001 [Docket No. 2]. The motion essentially raises two contested issues: first, whether the removal was procedurally defective because Defendant Ford Motor Company ("Ford") did not consent, and second, whether the removing defendants met their burden of proof that defendants Border Transfer Services, Inc. ("Border Transfer"), Bridgestone Corporation ("Bridgestone"), Smithers Transportation Test Center ("Smithers"), and Del Rio Test Center, Inc. ("Del Rio") were fraudulently joined.

The removing party has the burden of proving that removal is proper. *See e.g., Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex. 1981). Removal is restricted to "instances in which the statute clearly permits it," and the removal statutes are to be strictly construed against removal. *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1986); see also *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992).

The Fifth Circuit has interpreted 28 U.S.C. § 1446(a) to require that all properly joined defendants either join in or consent to a removal petition. *See Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 (5th Cir.1988). While the defendants are not all required to sign the removal petition, "there must be some timely filed written indication from each served defen-

dant... that it has actually consented to such action." *See id.* at 1262 n. 11.

On November 14, 2001, attorney Bill D. Fountain, representing Ford, wrote to attorney Donnie Griffin, representing Bridgestone/Firestone, Inc. ("Firestone"). The letter stated that "[w]hile *not joining* in Bridgestone/Firestone's attempted removal of the captioned case, Ford does not oppose *your* attempt." (emphasis added). Defendant Firestone claims that this statement constituted removal consent because the law does not require defendants to be constrained by the exact verbiage of "consent," and that Ford's statement that it "does not object to" removal is the functional equivalent of consent. Firestone supports its position by citing such cases as *York Hannover Holding A.G. v. American Arbitration Ass'n.,* 794 F.Supp. 118 (S.D.N.Y.1992), and *Colin K. v. Schmidt,* 528 F.Supp. 355 (D.R.I.1981).

There is other authority, however, for a stricter view of the "joinder" requirement. For example, as noted above, the opinion in *Getty Oil* Corp. makes reference to other defendants having "actually consented" to removal. 841 F.2d at 1262 n. 11. In *Spillers v. Tillman,* 959 F.Supp. 364, 369–70 (S.D.Miss.1997), the court referred to the requirement that each party must "unambiguously" and "explicitly" consent to removal. Similarly, in *American Agents, Inc. v. Panalpina, Inc.,* 1997 WL 678155, *2 (E.D.La.1997) (unpublished), *Anne Arundel County v. United Pacific Ins. Co.,* 905 F.Supp. 277, 278 (D.Md.1995) and *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508–509 (E.D.Va.1992), the courts referred to a defendant's "affirmatively," "unambiguously" or "officially" consenting to removal.

This Court could find no case dealing with the precise language utilized by Ford in this case, but agrees that the term "consent" is not indispensable. The Court specifically agrees with the decision in *York Hannover Holding A.G.,* 794 F.Supp. at 122, that there is no meaningful difference between "consented to" and "has no objection to." Ford's statement in this case, however, goes beyond that. For whatever reason, Ford explicitly stated that it was "not joining" the removal. As if to emphasize its position, Ford referred to Firestone's removal as "your attempt." This language, curious as it is, leads to the firm conclusion that Ford, while not opposing Firestone, clearly was not joining the removal. Indeed, Ford's letter apparently proceeds to discuss a proposed procedure in state court if Firestone's "attempt proves unsuccessful." It cannot be said that Ford's consent was affirmative, explicit, official, or unambiguous. It is also noteworthy that the remand motion challenging the efficacy of Ford's consent was filed over a month ago, and Ford has made no effort to clarify its position. In sum, Firestone has failed to meet its burden of demonstrating a valid removal, and the motion to remand is GRANTED.