**KOLEL BETH YECHIEL MECHIL OF TARTIKOV, INC., Plaintiff,**

v.

**YLL IRREVOCABLE TRUST, et al., Defendants.**

**No. 11 Civ. 7707.**

United States District Court, S.D. New York.

May 25, 2012.

Ira S. Lipsius, Phillip M. Manela, Lipsius–Benhaim Law, LLP, Kew Gardens, NY, for Plaintiff.

Stephen R. Stern, Mark W. Geisler, Hoffinger, Stern & Ross LLP, Ronald David Coleman, Goetz Fitzpatrick LLP, New York, NY, John D. Demmy, Stevens & Lee P.C., Wilmington, DE, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On April 17, 2012, Plaintiff Kolel Beth Yechiel Mechil of Tartikov, Inc. (the "Ko-lel") removed to this Court the action titled *YLL Irrevocable Trust and Kochav S.A.R.L. v. Kaufman, et al.*, No. 12 Civ. 3005 (the "Removed Action"), in which the Kolel is a named defendant, from the Supreme Court of the State of New York, Rockland County (the "State Court"). On May 4, 2012, the Court consolidated that action with the above-captioned case as related. (*See* Docket No. 61.) Defendants YLL Irrevocable Trust ("YLL") and Kochav S.A.R.L. ("Kochav," and together with YLL, the "Trust Defendants"), who initiated the Removed Action, now move to remand the Removed Action to the State Court. (*See* No. 12 Civ. 3005, Docket No. 5.) For the reasons discussed below, the Trust Defendants' motion for remand is DENIED.

## I. BACKGROUND [1]

This case involves a dispute between the Kolel and the Trust Defendants regarding the ownership of forty-three life insurance policies (the "Policies"). On March 15, 2011, the Kolel sold the Policies to the Trust Defendants pursuant to a written purchase agreement (the "PSA"). In October 2011, the Kolel filed suit in this Court against the Trust Defendants, alleging, in essence, breach of the PSA. In its complaint, the Kolel sought a preliminary injunction directing defendant Wilmington Savings Fund Society, FSB ("Wilmington"), which holds the Policies as securities intermediary for YLL, to transfer ownership of the Policies back to the Kolel.[2] By

---

1. The facts below are taken from the pleadings, including the Trust Defendants' Memorandum of Law in Support of Motion to Remand (No. 12 Civ. 3005, Docket No. 7), the Kolel's Memorandum of Law in Opposition to Motion to Remand and In Support of Retention of Jurisdiction to Confirm Arbitration Award (No. 12 Civ. 3005, Docket No. 14), and the Trust Defendants' Reply Memorandum of Law in Further Support of Motion to Remand

(No. 12 Civ. 3005, Docket No. 18). Except where specifically referenced, no further citation to these sources will be made.

2. The complaint also requests an order directing YLL to account for the amount owed to Kolel under the PSA; for attorneys' fees and costs; and for any further relief as the Court deems just and proper.

Order dated November 16, 2011, the Court denied the Kolel's motion for injunctive relief on the grounds that the Kolel had not demonstrated irreparable harm (Docket No. 18), and litigation proceeded accordingly.

### A. *The Arbitration*

By written agreement dated January 12, 2012 (the "Arbitration Agreement"), the Kolel and the Trust Defendants, along with co-defendant Meridian Trust Company,[3] agreed to arbitrate the dispute. In a Stipulation endorsed by the Court on February 17, 2012 (Docket No. 58), the parties agreed to stay the case in accordance with the terms and conditions of the Arbitration Agreement. The Arbitration Agreement specified that a panel composed of three rabbis would arbitrate the case (the "Arbitration Panel"); the Kolel and the Trust Defendants each designated a rabbi to represent them on the panel, and agreed that Rabbi Shlomo Zalman Kaufman ("Kaufman") would act as the third, neutral arbitrator.

The arbitration commenced on or about March 7, 2012 and, according to documents filed by the Trust Defendants in the State Court, culminated in a "First Preliminary Decision, Ruling and Award of the Rabbinical Court," dated April 10, 2012 (the "Arbitration Decision"). The Arbitration Decision mandated immediate transfer of the Policies to the Kolel.

### B. *The Removed Action*

On April 12, 2012, the Trust Defendants filed in the State Court a complaint and an emergency application for a temporary restraining order naming the Kolel, Wilmington, and the individual members of the Arbitration Panel (collectively, the "State Defendants") as defendants. In the Removed Action, the Trust Defendants allege bias on the part of Kaufman and seek a declaratory judgment that the Arbitration Decision is void and unenforceable and that Kaufman is not a neutral arbitrator; they also seek an order enjoining enforcement of and vacating the Arbitration Decision. On April 12 and 17, 2012, the State Court issued orders temporarily enjoining enforcement of the Arbitration Decision.

On April 17, 2012, the Kolel filed a Notice of Removal, asserting federal jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–205. The Kolel also claims diversity jurisdiction and "contractual federal jurisdiction" stemming from the terms of the Arbitration Agreement. The Trust Defendants now move for remand to State Court.[4]

## II. *LEGAL STANDARD*

Under 28 U.S.C. § 1441(a), "removal is prohibited unless there is federal subject matter jurisdiction." *Anwar v. Fairfield Greenwich Ltd.*, 676 F.Supp.2d 285, 292 (S.D.N.Y.2009) (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). On a motion to remand, the party seeking removal from state court bears the burden of establishing that federal jurisdiction is proper. *Montefiore Med. Center v. Team-*

---

3. According to the Arbitration Agreement, Meridian Trust Company is the Trustee of YLL.

4. On May 17, 2012, following full briefing by both parties on the Trust Defendants' motion to remand, the Kolel moved ex parte for an

order confirming this Court's jurisdiction, confirming the expiration and lifting of all injunctive relief ordered in the State Court, and confirming the Arbitration Decision. In deciding the issue of remand, the Court has not considered the Kolel's ex parte motion dated May 17, 2012.

*sters Local 272,* 642 F.3d 321 (2d Cir.2011). In general, "[f]ederal courts construe questions of removal narrowly, resolving any doubts against removal." *Fernandez v. Hale Trailer Brake & Wheel,* 332 F.Supp.2d 621, 623 (S.D.N.Y.2004); *see Anwar,* 676 F.Supp.2d at 292.

## A. REMOVAL PURSUANT TO § 205 OF THE FAA

 "The FAA does not independently confer subject matter jurisdiction on the federal courts." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.,* 668 F.3d 60, 71 (2d Cir.2012) (internal quotation marks omitted). However, the Convention, as incorporated into Chapter 2 of the FAA, "provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the Convention...."[5] *Id. See also Telenor Mobile Commc'ns AS v. Storm LLC,* 584 F.3d 396, 405 (2d Cir.2009) (recognizing that FAA incorporates Convention). In order for an arbitration agreement to fall under the Convention, it must meet four requirements: "(1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope." *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.,* 198 F.3d 88, 92 (2d Cir. 1999). *See* 9 U.S.C. § 202 (defining arbitral agreement or award governed by Chapter 2 of FAA).

Chapter 2 of the FAA includes its own removal provision, 9 U.S.C. § 205 (" § 205"). Section 205 allows for removal of a state court action to federal court "[w]here the subject matter [of the state action] relates to an arbitration agreement or award falling under the Convention...." 9 U.S.C. § 205.

The Second Circuit Court of Appeals has yet to address the meaning of the phrase "relates to" as used in § 205. *See Goel v. Ramachandran,* 823 F.Supp.2d 206, 212 (S.D.N.Y.2011). Indeed, "[f]ew published decisions concern § 205 removal and fewer still address removal and subject matter jurisdiction at any length." *Banco De Santander Cent. Hispano v. Consalvi Int'l, Inc.,* 425 F.Supp.2d 421, 427 (S.D.N.Y.2006) ("*Banco* "); *see also Samsun Logix Corp. v. Bank of China,* 740 F.Supp.2d 484, 487 (S.D.N.Y.2010) (*quoting Banco* ). The two circuits that have addressed removal under § 205, the Fifth and Ninth, "have held that § 205 confers broad removal jurisdiction." *Goel,* 823 F.Supp.2d at 212.

In *Beiser v. Weyler,* the Fifth Circuit Court of Appeals held that "[w]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit." 284 F.3d 665, 669 (5th Cir.2002) (emphasis in original). The *Beiser* court affirmed the district court's denial of remand even though the plaintiff was not bound by the arbitration agreement at issue because a "district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Id.* The Ninth Circuit Court of Appeals has adopted the Fifth Circuit's reading of § 205, holding that "[t]he phrase 'relates to' is plainly broad, and has been interpreted to convey sweeping removal jurisdiction in analogous statutes." *Infuturia Global Ltd. v. Sequus*

---

5. *See* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States ... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.")

*Pharms., Inc.,* 631 F.3d 1133, 1138 (9th Cir.2011). *Infuturia* found that removal was proper under § 205 where the defendant asserted collateral estoppel over issues already resolved against the plaintiff in arbitration. *Id.* at 1139.

The handful of relevant decisions in this District have applied, without explicitly adopting, the broad interpretation of § 205 articulated by the Fifth Circuit in *Beiser*. In *Banco,* the Court denied remand of the plaintiff's petition to vacate an arbitration award. *See* 425 F.Supp.2d at 433. The Court held that § 205 can apply to state actions other than those seeking to compel or confirm arbitration awards, "so long as defendants could articulate a 'federal defense' 'related to' the Convention." [6] *Id.* at 430 (*quoting Beiser,* 284 F.3d at 670–71). Conversely, in *Samsun,* the Court ordered remand, holding that "even were the Court to adopt the broad theory of *Beiser,* no arbitration agreement or award 'relates to' [the state suit] because neither could 'conceivably affect the outcome of [Samsun's] case.'" 740 F.Supp.2d at 488 (*quoting Beiser,* 284 F.3d at 669). The *Samsun* Court found removal improper under § 205 because the arbitration agreement provided neither defense nor "procedural hurdle" to the state court action, and concluded that, "[i]n sum, no close reading of

the arbitration agreement or award is required here." *Id.* at 489.

Most recently, in *Goel,* the Court recognized the broad interpretation of § 205 in *Beiser,* but as in *Samsun,* found removal to be improper where there was no need to explicate the arbitration agreement. *See* 823 F.Supp.2d at 216 (holding that "[e]ven applying *Beiser's* broad conception of 'relates to,'" defendant had failed to show that removal was proper). The Court granted removal because the defendant was not a party to the arbitration agreement and had failed to articulate how resolving his case would require "explaining the scope and operation" of the agreement. *Id.* at 216–20.

### III. DISCUSSION

As the Trust Defendants acknowledge in their reply, the Arbitration Agreement meets the "four basic requirements" necessary to fall under the Convention because "there is a written agreement providing for arbitration of a commercial matter in the United States which is not entirely domestic in scope...." [7] (No. 12 Civ. 3005, Docket No. 18, at 8.)

Nevertheless, the Trust Defendants argue that the Convention is inapplicable because four of the five State Defendants (the members of the Arbitration Panel and Wilmington) were not parties to the Arbi-

---

6. *York Hannover Holding, A.G. v. American Arbitration Ass'n,* 794 F.Supp. 118 (S.D.N.Y. 1992), which predates *Beiser,* is also instructive. In York, the Court denied remand of a petition seeking removal of an arbitrator. *Id.* at 123. Even though the action did not seek to compel or confirm an arbitral award, the Court found that removal was proper under § 205 because the arbitration agreement specified the method of appointing arbitrators, and therefore "[i]t cannot be reasonably argued that the action does not 'relate' to the parties' arbitration agreement." *Id.* at 122.

7. The Arbitration Agreement is "not entirely domestic in scope" because YLL is a Nevis

Trust with its principal place of business in Nevis, West Indies, and Kochav is a Luxembourg S.A.R.L. with its principal place of business in Luxembourg. *See Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,* 126 F.3d 15, 19 (2d Cir.1997) (holding that, under § 202 of FAA, where arbitral agreement or award "'involv[es] parties domiciled or having their principal place of business outside [the U.S.],'" that agreement or award falls within scope of Convention) (*quoting Bergesen v. Joseph Muller Corp.,* 710 F.2d 928, 932 (2d Cir.1983)); *see also Scandinavian,* 668 F.3d at 71 (holding that Convention applies because plaintiff was foreign corporation).

tration Agreement. However, for the purposes of removal pursuant to § 205, the relevant inquiry is not whether the parties to the removed action were bound by the relevant arbitration agreement, but whether the state action "relates to" the arbitration agreement. *See Infuturia*, 631 F.3d at 1138 (holding that privity of contract is not prerequisite to removal under § 205 because "§ 205 focuses only on the relatedness of the *subject matter* of [the] action . . . to an arbitration agreement" (emphasis in original) (internal quotation marks omitted)).

▪ Upon consideration of the plain language of § 205, as well as the holdings of the Fifth and Ninth Circuit that § 205 should be interpreted broadly, the Court finds that removal was proper here.[8] There is no question that the Removed Action "relates to" the Arbitration Agreement, since it seeks to undo the primary objective of that contract—a resolution of the dispute. *See, e.g., Banco*, 425 F.Supp.2d at 430 (denying remand of state action seeking vacatur of arbitration award). The contents of the Arbitration Agreement could "conceivably" affect the outcome of the Removed Action because the allegations necessarily involve the Arbitration Agreement's provision for a neutral arbitrator, the proper procedures for the arbitration, and the Arbitration Decision itself. Indeed, the Trust Defendants cite provisions of the Arbitration Agreement in their complaint and other papers submitted to the State Court. (*See, e.g.*, No. 12 Civ. 3005, Docket No. 6, ex. B ¶ 23.) Thus, unlike the suits in *Samsun* or *Goel*, in which the Court granted remand, resolution of the Removed Action will require reading and examining the operation of the Arbitration Agreement.

Examining subject matter jurisdiction as distinct from removal jurisdiction, the Court also finds that it has subject matter jurisdiction over the Removed Action. In sum and substance, the Removed Action is an attempt to vacate the Arbitration Decision. While the Removed Action requests, in part, declaratory relief, it also includes a cause of action "nullifying and vacating" the Arbitration Decision. (*See* No. 12 Civ. 3005, Docket No. 6, ex. B at 14.) In fact, the declaratory judgments sought by the Trust Defendants—that Kaufman is not neutral and that the Arbitration Decision is "void and unenforceable"—would essentially accomplish the same goal: vacatur of the Arbitration Decision.

Since federal courts have subject matter jurisdiction over actions seeking to vacate arbitral awards entered in the United States and within the scope of the Convention, *see Scandinavian*, 668 F.3d at 71, the Court would have had subject matter jurisdiction over the Trust Defendants' suit had it initially been filed in federal court.[9]

---

**8.** The Trust Defendants also argue that removal is improper because the State Defendants other than the Kolel have not consented to removal. However, the Kolel has submitted written evidence of Wilmington and Rabbi Kaufman's consent to removal (Docket No. 64, ex. B; Docket No. 60), which the Court accepts as sufficient to satisfy the rule of unanimity, since the other members of the Arbitration Panel are only nominal defendants. *See also Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 437 (S.D.N.Y.2006) ("While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." (internal quotation marks omitted)); *In re Village of Kiryas Joel, N.Y.*, No. 11 Civ. 8494, 2012 WL 1059395, at *4 (S.D.N.Y. Mar. 29, 2012) ("Although the rule of unanimity is strictly applied by the courts, an exception can be found where the non joining defendants are merely nominal.")

**9.** Under the FAA, a district court has power only to confirm or vacate a final arbitral award. *See Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir.1980). While the Arbitration Decision is styled as a "Pre-

Such is the case because "the Convention permits a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the [FAA], to a motion to set aside or vacate an arbitral award." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 732 F.Supp.2d 293, 302–03 (S.D.N.Y.2010), *rev'd on other grounds*, 668 F.3d 60 (internal quotation marks omitted). *See also Spector v. Torenberg*, 852 F.Supp. 201, 206 (S.D.N.Y.1994) (holding that Convention Art. V(1)(e) explicitly acknowledges power of federal court to vacate award made in United States which falls under Convention). It follows that the Court may properly exercise subject matter jurisdiction over the action now that it is removed. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) ("A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally.").

Since the Court finds that it has subject matter jurisdiction pursuant to the FAA and the Convention, it need not consider the Kolel's other grounds for jurisdiction.

### IV. *ORDER*

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion to remand (No. 12 Civ. 3005, Docket No. 5) of defendants YLL Irrevocable Trust and Kochav S.A.R.L. (together, the "Trust Defendants") is **DENIED**; and it is further

**ORDERED** that within five (5) days of the date of this Order, the Trust Defendants, by letter-brief not to exceed five (5) pages and including reference to the record, show cause as to why the Court should not confirm the "First Preliminary Decision, Ruling and Award of the Rabbinical Court," dated April 10, 2012.

**SO ORDERED.**

liminary Decision," rather than a final decision, it nevertheless disposes of a discrete set of the claims at issue in the arbitration by ordering mandatory, immediate transfer of ownership of the Policies to the Kolel. Although questions such as damages owed under the PSA and legal expenses still remain, there is nothing partial or temporary about the Arbitration Decision's ruling with respect to ownership of the Policies, which the Court may therefore confirm or vacate. *See Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir.1986) (holding that interim arbitral award which "finally and definitely disposes of a separate independent claim may be confirmed although it does not dispose of all the claims that were submitted to arbitration").