Steven L. Wittels, Respondent, v David W. Sanford et al., Appellants. [29 NYS3d 266]—

Judgment, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered February 3, 2015, confirming an arbitration award in petitioner's favor, and bringing up for review an order, same court and Justice, entered December 5, 2014, which granted petitioner's motion to confirm the award and denied respondents' cross petition to vacate the award, unanimously affirmed, without costs. Order, same court and Justice, entered March 26, 2015, which granted petitioner's motion to strike certain portions of the cross petition, unanimously reversed, on the law without costs, and the motion denied. Appeal from order entered December 5, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

Supreme Court applied the correct standard of review in upholding the arbitrators' decision, and we see no basis for vacating that decision (*see* CPLR 7511 [b]; *Matter of Sims v Siegelson*, 246 AD2d 374 [1st Dept 1998]). The arbitrators did not exceed their power (CPLR 7511 [b] [iii]). Their determination that petitioner, a partner in the now dissolved law firm Sanford Wittels & Heisler, LLP, was entitled to an accounting and distribution of his partnership interest, even if he violated the Rules of Professional Conduct, did not violate public policy by intruding on the court's authority to discipline attorneys for ethical misconduct (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332 [2005]; *Bidermann Indus. Licensing v Avmar N.V.*, 173 AD2d 401, 402 [1st Dept 1991]). The arbitrators noted that any determination whether petitioner violated ethical rules was "unnecessary" to their determination and that it would be "inappropriate" to discuss in detail the conduct that was the subject of confidential disciplinary proceedings then pending before the Disciplinary Committee (and since dismissed) (*see Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146 [1995]; *Matter of Silagi [Guazzo, Perelson, Rushfield & Guazzo]*, 146 AD2d 555 [1st Dept 1989]).

Nor did the award itself violate public policy. Even attorneys who have been disbarred or suspended are entitled to an accounting of fees for services rendered to other clients before their disbarment or suspension (*see* 22 NYCRR 603.13 [b]; 691.10 [b]; *Padilla v Sansivieri*, 31 AD3d 64 [2d Dept 2006]; *Posner v Messinger*, 197 AD2d 508 [2d Dept 1993], *lv dismissed* 82 NY2d 920 [1994]). Thus, an attorney whose conduct might have raised concerns for respondents but who was not at the time, and ultimately was never, disbarred or suspended, is entitled to his distributive share of his partnership interest. Moreover, as the arbitrators noted, petitioner's conduct, which led to the dissolution of the original partnership and the creation of the reconstituted firm without petitioner as a partner, had no apparent adverse financial impact on the reconstituted firm.

The arbitrators did not exceed any limit on their authority specifically enumerated in the arbitration agreement, and in any event correctly applied the faithless servant doctrine in denying respondents' counterclaim for disgorgement of compensation paid to Wittels (*see Visual Arts Found., Inc. v Egnasko*, 91 AD3d 578, 579 [1st Dept 2012]; *Frame v Maynard*, 83 AD3d 599, 604 [1st Dept 2011]). They correctly reasoned that to the extent earlier payments made to Wittels could be construed as

compensation, that compensation was earned on cases litigated and fees earned before any alleged unethical conduct occurred, or involved general services or expenses for matters not limited to the allegedly unethical representation, and was untainted by the alleged misconduct.

Supreme Court erred in granting petitioner's motion to strike portions of respondents' already sealed cross petition to vacate the arbitration award as scandalous or prejudicial (CPLR 3024 [b]). The stricken portions were relevant to the underlying arbitration, since they involved petitioner's conduct in representing a client, and were relevant to respondents' denial of an accounting and their disgorgement counterclaim, among other things (*New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan*, 22 AD3d 391 [1st Dept 2005]; *see also Soumayah v Minnelli*, 41 AD3d 390, 392-393 [1st Dept 2007]). Moreover, the motion was granted belatedly, postjudgment, and, thus, after both the arbitrators and the court had considered the material. Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.