**ATGAMES HOLDINGS LTD., Plaintiff,**

v.

**RADICA GAMES LTD., A BERMUDA COMPANY, Radica (Macao Commercial Offshore) Limited, a Macao company, Defendants.**

No. 05–05089 DDP(RZX).

United States District Court, C.D. California.

Oct. 7, 2005.

Frank E. Merideth, Jr., Jinshu Zhang, Wendy M. Mantell, Greenberg Traurig, Santa Monica, CA, for Plaintiff.

Brian R. England, Diane Lee McGimsey, Robert A. Sacks, Sullivan and Cromwell, Los Angeles, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

PREGERSON, District Judge.

This matter is before the Court on the plaintiff's motion to remand. After reading the papers submitted by the parties, and considering the arguments therein, the Court grants the plaintiff's motion and adopts the following order.

## I. Background

The plaintiff, AtGames Holdings Ltd. ("AtGames"), is a Bermuda company engaged in developing, manufacturing and distributing electronic games, entertainment systems, and devices throughout the world. The defendant, Radica Games Ltd. and Radica (Macao Commercial Offshore) Ltd. (collectively "Radica") is a company also engaged in the electronic games market. AtGames alleges that Radica intentionally interfered with their contract with Sega Corporation ("Sega"), and unfairly competed with them in the electronic games market. (Compl.7–9).

On January 4, 2005, AtGames allegedly entered into an exclusive distribution agreement (the "Sega–AtGames Agreement") with Sega that granted AtGames the "sole and exclusive right and license" (the "OEM License") to distribute and sell Sega old title games and Sega games for the Sega platforms. (*Id.* at 3). On January 5, 2005, AtGames and Sega allegedly gave a joint press conference announcing that "Sega ... has granted AtGames the exclusive right to sell Sega software products for Sega's proprietary platforms..." (*Id.*)

In March 2005, AtGames entered into a Sega Games sublicense agreement with JAKKS Pacific Inc. and JAKKS Pacific (HK) Ltd. (collectively "JAKKS") for the manufacturing of products incorporating certain Sega game titles for worldwide distribution. ("JAKKS Agreement") (*Id.* at 4). AtGames alleges that it informed Sega of its distribution intentions, including the JAKKS Agreement, and that Sega never stated that the sublicense was barred by a conflicting third party license. (*Id.* at 5).

Later that month, representatives of Radica and Sega had a meeting at which Radica stated that if a competitor were to appear in the toy market with rights to incorporate Sega's Genesis/MegaDrive 16-bit titles in a TV game controller product like Radica's Play TV, Radica's stock would plummet, resulting in damages in excess of $40 million over two years. (*Id.*) At this same meeting Radica allegedly

stated that it would "take the most aggressive legal action against Sega" if Sega allowed AtGames or JAKKS to proceed with the transactions outlined in the JAKKS Agreement (*Id.*) Sega's counsel then allegedly changed his position and asserted to AtGames that its plan of sublicensing pursuant to the JAKKS Agreement was not permitted because of "exclusive rights" claimed by Radica. (*Id.* at 6). AtGames alleges that the Sega–AtGames Agreement did not disclose any exclusive agreement between Sega and Radica that would preclude AtGames from exploiting the OEM License. In April 2005, AtGames commenced arbitration against Sega pursuant to an arbitration clause in the Sega–AtGames Agreement. The Sega–AtGames Arbitration seeks to resolve the dispute between the two parties as to the terms of the Sega–AtGames Agreement. (Mot.2).

On June 13, 2005, AtGames commenced a civil action against Radica in the Superior Court of the State of California alleging intentional interference with contract and unfair competition, and requesting declaratory relief. (Compl.1). AtGames alleges that it has suffered damages of at least $30 million in lost profits as a result of Sega's change of position with regards to the OEM License.

On July 12, 2005, Radica filed notice of removal pursuant to 9 U.S.C. § 205. Section 205 permits a defendant to remove an action to federal court when the subject matter of the suit "relates to" an arbitration agreement that "falls under" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").

## II. Discussion

### A. *Legal Standard*

#### 1. *Removal and Remand*

Removal from state court is proper where the federal court has original juris-diction over the plaintiff's claim. 28 U.S.C. § 1441(a). In other words, "a case may be filed in federal court only if a federal question appears on the face of the plaintiff's 'well-pleaded-complaint.'" *Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir.1997). A federal court may remand a case back to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Although the statutory language suggests that remand is mandatory if the federal court finds that subject matter jurisdiction is lacking, courts have held that "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir.1991).

#### 2. *Convention on the Recognition and Enforcement of Foreign Arbitral Awards*

Title 9 U.S.C. § 203 states that:

[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States and thus comprises a "federal question" under § 1331.

In order for an arbitration agreement to fall under the Convention it must "arise out of a commercial relationship ... [a]t least one of the parties to the agreement must not be a U.S. citizen, or, if the agreement is entirely between U.S. citizens, it must have some reasonable relation with a foreign state." *Beiser v. Weyler*, 284 F.3d 665, 666 n. 2 (5th Cir.2002) (*citing* 9 U.S.C. § 202). Section 205 states that:

[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district

court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. 9 U.S.C. § 205.

## B. *Arbitration Agreement*

AtGames argues that the Court should remand this action to state court because it lacks subject matter jurisdiction. At-Games argues that the language in § 205 specifically states that removal is only appropriate when the action relates to an arbitration agreement. Radica argues that § 205 should be construed broadly to permit removal even in the absence of an arbitration agreement between the parties to the present lawsuit if there is an arbitration that "relates to" the present lawsuit. Radica argues that its position is correct even if only one party or neither party to the present lawsuit are parties to such arbitration.

Radica argues that the Sega–AtGames Arbitration "relates to" the present lawsuit because the outcome of that arbitration will substantially affect the claims in this lawsuit. The Sega–AtGames Arbitration centers on the validity and scope of the license agreement between the two companies. In that dispute, AtGames argues that it has authority to sublicense the OEM License pursuant to the Sega–AtGames Agreement. Sega contends that an exclusive agreement it has with Radica precludes AtGames from entering into a sublicense agreement. In this lawsuit, At-Game alleges that Radica interfered with its contract with Sega and engaged in unfair business practices. Specifically, At-Games alleges that Radica's threat of a

lawsuit caused Sega to change its position regarding the sublicense. The Court agrees that the claims against Radica in this lawsuit will, in part, depend upon the arbitrator's ruling on whether AtGames has a right to enter into sublicense agreements.

The Court rejects Radica's argument as contrary to the plain meaning of the statute and inconsistent with established Supreme Court authority. The Court interprets statutes according to their plain meaning. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (holding that statutes should be interpreted according to their plain meaning). The plain meaning of § 205 is clear that a state court action is removable if (1) the parties to the action have entered into an arbitration agreement, and (2) the action relates to that agreement. The Supreme Court has stated that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 647, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). There is no arbitration agreement between AtGames and Radica. Therefore, this matter was not properly removed.

The parties both cite *Beiser v. Weyler,* 284 F.3d 665 (5th Cir.2002). This Court's ruling is consistent with the Fifth Circuit's holding in *Beiser.*[1] In *Beiser,* the plaintiff was the sole director and employee of a corporation. The plaintiff brought suit in his personal capacity against the defendant. The defendant sought to remove the action pursuant to an arbitration agreement between the corporation and the defendant. *Id.* at 667. The plaintiff then sought to remand, claiming that he personally was not a party to the arbitration

---

1. The Ninth Circuit has not addressed this     issue.

agreement and therefore § 205 did not apply. *Id.*

Pursuant to § 205, the court could only exercise jurisdiction over the action if the plaintiff was a party to the agreement. In *Beiser*, the court could not initially determine whether the plaintiff was a party to the agreement because the plaintiff was arguably the alter ego of the corporation. *Id.* at 670; *see also National Devel. Co. v. Khashoggi*, 781 F.Supp. 959, 963 (S.D.N.Y. 1992) ("[a]n individual or entity can be a party to an arbitration agreement by virtue of its status as alter ego of a signer of the agreement.") Therefore, the court retained jurisdiction but deferred deciding whether the plaintiff was in fact a party to the arbitration agreement. *Beiser*, 284 F.3d at 675.[2]

The Court finds that, absent a genuine dispute of whether a party has entered into an arbitration agreement such as that found in *Beiser*, § 205 does not provide a basis for jurisdiction. Here, neither party contends that Radica is a party to any arbitration agreement with AtGames. Therefore, § 205 does not provide a basis for jurisdiction.

### III. Conclusion

Based on the foregoing considerations the Court grants the plaintiff's motion to remand.

IT IS SO ORDERED.

---

**2.** Alternatively, the court could have remanded the case to state court. Then, if the state court determined that the plaintiff was subject to the arbitration agreement, the case could have been removed back to federal court.