**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

INFUTURIA GLOBAL LTD.,
   *Plaintiff-Appellant,*

v.

SEQUUS PHARMACEUTICALS, INC.;
THE HEBREW UNIVERSITY OF
JERUSALEM; YECHEZKEL BARENHOLZ,
   *Defendants-Appellees.*

No. 09-16378

D.C. No.
4:08-cv-04871-SBA

OPINION

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued August 31, 2010
Submitted January 31, 2011
Pocatello, Idaho

Filed February 7, 2011

Before: Jay S. Bybee, Timothy M. Tymkovich*, and
N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

---

*The Honorable Timothy M. Tymkovich, United States Circuit Judge
for the Tenth Circuit, sitting by designation.

**COUNSEL**

Eric D. Pearson, Heygood, Orr & Pearson, Dallas, Texas, for plaintiff-appellant Infuturia Global, Ltd.

Kathleen M. Sullivan, Quinn Emanuel Urquhart Oliver & Hedges LLP, New York, New York, for defendant-appellee Sequus Pharmaceuticals, Inc.

**OPINION**

N.R. SMITH, Circuit Judge:

In this appeal, we primarily address the novel question whether, under 9 U.S.C. § 205, a district court has removal jurisdiction[1] over a case where the defendant raises an affirmative defense related to an arbitral award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 as implemented by 9 U.S.C. § 201 *et seq.* ("Convention").[2]

---

[1]By "removal jurisdiction" we refer only to whether the requirements imposed by the particular removal statute have been fulfilled. As our discussion in Parts II and III illustrates, a federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.

[2]The Convention was adopted on June 10, 1958, by a special conference of the United Nations Economic and Social Council. In 1970, the United

Because an arbitration agreement or award falling under the Convention "relates to" the subject matter of an action whenever it could conceivably affect the outcome of the plaintiff's suit, a district court does have removal jurisdiction over such a case.

## I.   Factual and Procedural Background

This case arises from a dispute over medical licensing rights between Appellant Infuturia Global Ltd. ("Infuturia"), a citizen of the British Virgin Islands; Yissum Research and Development Co. ("Yissum"), a citizen of Israel; and Appellee Sequus Pharmaceuticals, Inc. ("Sequus"), a citizen of California. In the 1980s, Professor Yechezkel Barenholz ("Barenholz") of The Hebrew University of Jerusalem (the "University") and Yissum developed technologies in Israel using liposomes as a vehicle for delivering pharmaceuticals to the human body. In March of 1990, Infuturia entered into a license agreement ("Infuturia License") with Yissum exchanging royalties for an exclusive worldwide right to develop, market, and use certain Yissum patents. The agreement included an arbitration provision requiring arbitration of any dispute "connected in any way to the implementation of [the] Agreement." In January of 1995, Sequus entered into a licensing agreement ("Sequus License") with Yissum for rights to certain liposome technology owned by Yissum. Barenholz and Yissum had previously worked with Sequus on liposome research.

States acceded to the treaty, 21 U.S.T. 2517, T.I.A.S. No. 6997, and Congress implemented the Convention by passing Chapter 2 of the United States Arbitration Act, 9 U.S.C. § 201 *et seq.* "The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

On October 26, 1998, Infuturia sued Sequus, the University, and Barenholz in California state court alleging tortious interference with the Infuturia License. Yissum was not named as a defendant. Infuturia alleged that the defendants had interfered with the Infuturia License by encouraging Yissum to divulge and license technology that was already licensed to Infuturia. Though not a party to the California proceedings, Yissum petitioned for a stay pending arbitration pursuant to the arbitration provision in the Infuturia License. The California state court granted the stay on July 15, 1999. In an Israeli arbitration, Infuturia alleged claims similar to those asserted in the California state court proceedings, namely that Yissum breached the Infuturia License by developing, patenting, and selling technology related to or based on technology already licensed to Infuturia.[3] After completing the arbitration, the arbitrator determined, among other things, that (1) Infuturia's license was valid, (2) Yissum had not breached the Infuturia License, and (3) Infuturia did not have rights to any patents and products relating to the Sequus License.

Given the arbitration decision, the state court lifted the stay in the California case. Infuturia then filed a First Amended Complaint in state court which was similar to the original state court complaint, but did not reference certain Sequus products the arbitrator determined were not related to the Infuturia License. The University and Barenholz subsequently filed a Notice of Removal (in which Sequus joined), pursuant to 9 U.S.C. § 205. Infuturia filed a motion to remand, arguing only that removal was improper under 9 U.S.C. § 205, because the defendants were not parties to the foreign arbitration agreement between Infuturia and Yissum. In February 2009, the court denied the motion to remand. The district

---

[3]A California state court ordered arbitration of Infuturia's claims against Yissum on July 15, 1999. The dispute was submitted to arbitration in Israel, and, following discovery and testimony, the Israeli arbitrator rendered his opinion on May 21, 2006.

court found that removal was proper because the litigation "relates to" the arbitration provision and the arbitration provision falls under the Convention. The court also found that Infuturia's pleadings were vague and ordered Infuturia to file a second amended complaint identifying the particular Sequus products, compounds, or inventions that allegedly infringe upon Infuturia's license with Yissum.

Infuturia filed its Second Amended Complaint on March 16, 2009. It asserted tortious interference and conversion claims and only named Sequus as a defendant. In its Answer to the Second Amended Complaint, Sequus raised the affirmative defense of collateral estoppel, arguing that these issues had already been resolved against Infuturia in the Israeli arbitration. When it filed its Answer, Sequus also moved to dismiss under Rule 12(b)(6) for failure to state a claim and Rule 12(b)(7) for failure to join a necessary party. The district court granted both motions on June 1, 2009. Infuturia appeals the district court's grant of both motions, asserts that removal was improper under 9 U.S.C. § 205, and argues that the district court lacked federal subject-matter jurisdiction.[4]

## II.   Subject Matter Jurisdiction

Infuturia first contends the district court lacked subject matter jurisdiction over this case. The district court identified 9 U.S.C. § 203 as the basis for jurisdiction in its order granting Sequus's motions to dismiss. Sequus agrees with the district court, but argues for jurisdiction under both §§ 203 and 205, as well as diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Because we conclude the district court had diversity jurisdiction, we do not reach the other contended bases for subject matter jurisdiction under §§ 203 and 205.

---

[4]We address the district court's dismissal order under Rules 12(b)(6) and 12(b)(7) separately in an unpublished Memorandum Disposition pursuant to Ninth Circuit Rule 36-2.

**[1]** Infuturia argues that diversity jurisdiction does not lie under 28 U.S.C. § 1332(a)(2) because (1) jurisdiction is determined at the time of removal, and the parties were not diverse when this case was removed to federal court; and (2) Sequus, as a forum defendant, could not have originally removed the case to federal court even if it had been the only defendant sued. We disagree with Infuturia's arguments, because they raise statutory rather than jurisdictional objections. Both the forum defendant rule and the requirement for diversity at the time of removal are statutory requirements imposed by the general removal statute, 28 U.S.C. § 1441, not jurisdictional requirements. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004) (holding the requirement that there be diversity at the time of removal is a statutory, non-jurisdictional requirement imposed by 28 U.S.C. § 1441(a)); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (holding that the forum defendant rule is a statutory, non-jurisdictional requirement imposed by 28 U.S.C. § 1441(b)). Because removal in this case was effectuated under 9 U.S.C. § 205, the traditional diversity removal provisions of 28 U.S.C. § 1441 do not apply.

**[2]** Although the court lacked diversity jurisdiction at the time of removal because there were foreign citizens on both sides of the case, *see Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas*, 20 F.3d 987, 990 (9th Cir. 1994), this jurisdictional defect was cured by Infuturia's dismissal in its Second Amended Complaint of the foreign defendants that originally destroyed diversity, *see Grupo Dataflux*, 541 U.S. at 572 (stating that a jurisdictional defect can be cured by the dismissal of the party that had destroyed diversity). Only two parties remained under the Second Amended Complaint: Infuturia (a citizen of the British Virgin Islands) and Sequus (a citizen of California). Thus, the district court had diversity jurisdiction under 28 U.S.C. § 1332(a)(2) (which states that "district courts shall have original jurisdiction of all civil actions . . . between citizens of a State and citizens or subjects of a foreign state").

### III.   Removal Jurisdiction

We review *de novo* a district court's denial of a motion to remand for lack of removal jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). We also review *de novo* questions of statutory interpretation. *Beeman v. TDI Managed Care Servs., Inc.*, 449 F.3d 1035, 1038 (9th Cir. 2006).

**[3]** Title 9 U.S.C. § 205 provides that federal courts have removal jurisdiction

> [w]here the subject matter of an action or proceeding pending in a State court *relates to* an arbitration agreement or award falling under the Convention . . . . The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

(emphasis added). When interpreting the meaning of this statute, we "look first to its plain language." *United States v. Juvenile Male*, 595 F.3d 885, 898 (9th Cir. 2010) (citation and alteration omitted). The critical language here is the phrase "relates to." The Fifth Circuit, which is the first and only circuit court to address the meaning of "relates to" in § 205, construed this language to mean that "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit." *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002). We agree with this interpretation. The phrase "relates to" is plainly broad, and has been interpreted to convey sweeping removal jurisdiction in analogous statutes. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983) (holding that under § 514(a) of the Employee Retirement Income Security Act, "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a con-

nection with or reference to such a plan”); *McGuire v. United States*, 550 F.3d 903, 911-12 (9th Cir. 2008) (holding that under the bankruptcy jurisdiction statute, 28 U.S.C. § 1334(b), “[a] civil proceeding is ‘related to’ a [bankruptcy] case if the outcome of the proceeding could *conceivably have any effect* on the estate being administered in bankruptcy” (emphasis added) (citation and internal quotation marks omitted)).

**[4]** Nothing in § 205 urges a narrower construction.[5] Indeed, the statute invites removal of cases whose relation to an agreement or award under the Convention is based on an affirmative defense by expressly abrogating the “well-pleaded complaint” rule. *See* 9 U.S.C. § 205 (“[T]he ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.”); *Beiser*, 284 F.3d at 669 (“[Federal courts] will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant’s assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of ‘relates to’.”).

**[5]** Infuturia argues for a narrower interpretation of the statute by citing *AtGames Holdings Ltd. v. Radica Games, Ltd.*, 394 F. Supp. 2d 1252 (C.D. Cal. 2005). In *AtGames*, the district court held that “a state court action is [only] removable if (1) the parties to the action have entered into an arbitration agreement, and (2) the action relates to that agreement.” *Id.* at 1255. *AtGames* narrows the class of actions

---

[5]Although we generally construe removal statutes strictly, *see Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), the plain language of § 205 provides federal courts with remarkably broad removal authority, *see Beiser,* 284 F.3d at 674 (“[E]asy removal is exactly what Congress intended in § 205.”).

removable under § 205 by *adding* privity of contract to the prerequisites for removal jurisdiction. This holding finds no support in the language of the statute. While *AtGames* would hinge jurisdiction on the relatedness of the *parties*, § 205 focuses only on the relatedness of the "*subject matter* of [the] action . . . to an arbitration agreement." Further, although *AtGames* claims to be consistent with *Beiser*, nothing in *Beiser* suggests that only parties privy to an arbitration agreement or award falling under the Convention may seek removal under § 205. Rather, *Beiser* confers removal jurisdiction "whenever an arbitration agreement . . . could *conceivably* affect the outcome of the plaintiff's case . . . ." 284 F.3d at 669. In a case such as this, where the defendant relies on the affirmative defense of collateral estoppel regarding issues already resolved against the plaintiff in arbitration, the arbitral award "could conceivably affect the outcome" of the case. *Id.*

**[6]** We find *AtGames* unpersuasive and decline to add any prerequisites to removal jurisdiction not expressed in the language of the statute. Because Sequus raised an affirmative defense "relat[ing] to" the Infuturia-Yissum arbitral award (which neither party disputes "falls under" the Convention), the district court had removal jurisdiction under 9 U.S.C. § 205.

## IV.  Timeliness of Removal

**[7]** Infuturia lastly contends that removal was untimely. Title 9 U.S.C. § 205 provides that "defendants may, at any time before the trial thereof remove [an action falling under the Convention] to [federal] district court." Infuturia argues that "trial" should be construed to mean "any adjudication on the merits" and that the Infuturia-Yissum arbitration constituted such an adjudication. We disagree.

**[8]** The language of § 205 refers to the action *being removed* and "the trial thereof." The meaning of this section is clear: a defendant may remove a qualifying state court

action to federal court at any time before the claims raised in the state court action have been adjudicated. *See LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., C.A.*, 31 F.3d 70, 72 (2d Cir. 1994) (holding that removal was not accomplished "before the trial" because the state court had already adjudicated "the entirety of the claim that the plaintiffs tendered for decision"); *Pan Atl. Grp., Inc. v. Republic Ins. Co.*, 878 F. Supp. 630, 638-39 (S.D.N.Y. 1995). Here, the "action removed" was Infuturia's amended complaint in *California state court* asserting state law claims against Sequus for tortious interference and conversion. Even if the term "trial" is broad enough to include arbitration, the "trial thereof" can only refer to an adjudication of the claims asserted against Sequus in California state court. Since Infuturia's claims against Sequus had not yet been adjudicated by the California state court, the action was timely removed under § 205.

**AFFIRMED.**