**NOT FOR PUBLICATION**

**FILED**

SEP 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  23-1555 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00006-RSM-1 |
| v. | |
| JAMIE BARTELS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted September 13, 2024
Seattle, Washington

Before:  W. FLETCHER and SUNG, Circuit Judges, and RAKOFF,[**] District
Judge.

Jamie Bartels challenges the district court's order of restitution of the lost

wages of his minor victim's mother under 18 U.S.C. § 2259.  This Court reviews the

legality of a restitution order de novo.  See United States v. Terabelian, 105 F.4th

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

1207, 1213 (9th Cir. 2024). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

In 2019, Jamie Bartels pled guilty to three offenses arising out of his criminal conduct involving a minor victim ("MV1"). Specifically, Bartels pled guilty to producing child pornography, in violation of 18 U.S.C. §§ 2251(a), (e); possessing child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2); and distributing child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1). As relevant here, the district court ordered restitution under § 2259 in the amount of $3,264 for the wages that MV1's mother lost when she missed work in order to care for MV1, accompany MV1 to interviews, and participate in the investigation of Bartels's crimes, as well as for the wages she lost when was she was "too upset to function at work" because of Bartels's conduct.

On appeal, Bartels challenges the district court's order of restitution of the lost wages of MV1's mother. He does not dispute that MV1's mother was MV1's legal guardian, that her lost wages amounted to $3,264, or that his criminal conduct proximately caused those losses. Instead, he argues that the restitution statute did not cover the lost wages that a minor victim's legal guardian incurred on the guardian's own behalf.[1] At the time of Bartels's offenses of conviction, the

---

[1] Congress has since amended § 2259. See Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299, §§ 3(a), (b), 132

2

restitution statute provided that "[t]he order of restitution . . . shall direct the defendant to pay the victim . . . the full amount of the victim's losses" that were "suffered by the victim as a proximate result of the offense." 18 U.S.C. §§ 2259(b)(1), (b)(3)(F). "Victim" was defined as "the individual harmed as a result of a commission of [the] crime . . . including, in the case of a victim who is under 18 years of age . . . the legal guardian of the victim." Id. at § 2259(c). And "the full amount of the victim's losses" was defined to include "any costs incurred by the victim for . . . lost income" and "any other losses." Id. at §§ 2259(b)(3)(D), (b)(3)(F). According to Bartels, MV1's mother was not acting in her capacity as MV1's guardian when she incurred lost wages because she was "too upset to function," so the district court erred in ordering restitution of the full $3,264 amount.

We disagree. "When interpreting the meaning of [a] statute, we look first to its plain language." Salas v. United States, No. 22-16936, 2024 WL 3944661, at *5 (9th Cir. 2024) (quoting Infuturia Glob. Ltd. v. Sequus Pharms., Inc., 631 F.3d 1133, 1137 (9th Cir. 2011)). "If the statutory language is plain, we must enforce the statute according to its terms." Id. (quoting Rainero v. Archon Corp., 844 F.3d 832, 837 (9th Cir. 2016)). As MV1's legal guardian, MV1's mother plainly qualified as a

---

Stat. 4384, 4385. All citations to § 2259 are to the version that was in effect at the time of Bartels's offenses of conviction. See 18 U.S.C. § 2259 (effective April 24, 1996 to December 6, 2018). We express no view on the scope of the amended § 2259.

"victim" under the definition outlined in § 2259(c). See United States v. Evers, 669 F.3d 645, 656 (6th Cir. 2012) (holding that a minor victim's legal guardian qualified as a "victim" under "the plain language" of § 2259(c)). But see United States v. Tsosie, 639 F.3d 1213, 1219-20 (9th Cir. 2011) (suggesting in dicta that § 2259(c) would not cover a minor victim's legal guardian acting outside of her capacity as a legal guardian). And lost wages "are expressly included in the category of recoverable losses listed in § 2259(b)(3)." Evers, 669 F.3d at 656. Despite Bartels's assertions to the contrary, the plain text of § 2259 did not include any additional requirements that the minor victim's legal guardian be "acting on the minor victim's behalf" or "in their capacity as a legal guardian." Accordingly, the district court did not err in ordering restitution of $3,264 for the lost wages of MV1's mother.[2]

**AFFIRMED.**

---

[2] In his plea agreement, Bartels agreed to waive his right to appeal his sentence, "including any . . . restitution order." Bartels argues that his appeal waiver was not knowing and voluntary because it did not include an estimate of the restitution amount. Because we hold that the district court did not err in ordering restitution of the full amount of the mother's lost wages, we need not consider whether Bartels's appeal waiver was knowing and voluntary.